**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Georgene Vesecky, ) | No. CV 07-1173-PHX-MHM |
| )  Petitioner, ) | **ORDER** |
| ) vs. ) | |
| ) Garick, Inc., ) | |
| )  Respondents. ) | |
| ) | |

Pending before this Court is Plaintiff Georgene Vesecky's Motion to Alter, Amend, or Set Aside the Judgment of this Court, which was entered on September 30, 2008. (Dkt. #50). Defendant Garick, Inc. filed a Response on October 23, 2008. (Dkt. #53).

**I.  BACKGROUND**

On September 30, 2008, this Court entered an Order granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. (Dkt. #48). The summary judgment Order involved an action brought under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., asserting discrimination on the basis of a disability in a place of public accommodation. (Dkt. #48). The only issue in dispute was whether the removal of certain physical barriers is "readily achievable," as defined within the ADA. (Id.).

Within ten days of the summary judgment Order, on October 13, Plaintiff filed a Motion to Amend, Alter, or Set Aside Judgment. (Dkt. #50). Citing Federal Rules of Civil

1 | Procedure 59(e), Plaintiff argues that the Order should be amended or altered because this Court committed clear error. (Id.). Plaintiff argues that, in the alternative, it is entitled to have the judgment set aside pursuant to Rule 60(b)(6) for "any other reason justifying relief from the operation of a judgment." (Id.).

Plaintiff claims that this Court committed two clear errors of fact. (Dkt. #51.). According to Plaintiff, this Court incorrectly asserted that, aside from the production of expert testimony, the Plaintiff conducted no discovery. (Id.). Secondly, although the Court concluded that Plaintiff's expert provided nothing more than an unsubstantiated price estimate for the removal of the physical barriers, Plaintiff contends the expert's conclusions were supported by an authoritative text, namely the RS Means ADA Compliance Guide, published by Reed Construction Data (2004). (Id.).

## II. STANDARD OF REVIEW

Federal Rules of Procedure 59(e) and 60(b) are exclusive of one another, and the key factor that determines which rule applies is the timing of the motion. See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001). If the motion is served within ten days of judgment, then rule 59(e) applies; if served later, then rule 60(b) applies. Id. Because Plaintiff filed her motion within ten days of this Court's judgment, Rule 59(e) applies and Rule 60(b) does not.

In deciding whether to grant a Rule 59(e) motion, a district court has broad discretion, and its decision is reviewed under an abuse of discretion standard. Stewart v. Wachowski, 574 F. Supp. 2d 1074, 1115 (C.D. Cal. 2006) (citations omitted). While Rule 59(e) allows a district court to reconsider and amend a previous order for clear error, the interests of finality and conservation of judicial resources behoove the courts to use the rule sparingly and only as an extraordinary remedy. Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted). Moreover, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. Id.

### III. DISCUSSION

#### A. Extent of Plaintiff's Discovery

Plaintiff asserts this Court committed clear error by stating that Plaintiff conducted no discovery aside from the production of expert testimony. (Dkt. #51). The Court did, in fact, make such a statement, however, that statement only referred to the discovery that Plaintiff conducted regarding whether removing the physical barriers at Defendant's establishment was "readily achievable." (Dkt. #48). The only discovery evidence Plaintiff brought to the Court's attention were four exhibits attached to the statement of facts in support of her motion for summary judgement, (Dkt.#25), and another exhibit attached to her supplemental statement of facts, (Dkt.#35). These exhibits include no more than a request for admissions, which was unrelated to the removal of barriers, Plaintiff's deposition, also unrelated to barrier removal, and her expert's report, which, as the Court noted, contains nothing more than a summary price estimate for barrier removal. It is only now, provided as an attachment to her current Motion, that Plaintiff produces evidence showing she conducted additional discovery in this case. Indeed, Plaintiff does not even provide a docket citation to support her claim of serving upon "defendant written discovery including Requests for Production of Documents, Non-Uniform Interrogatories, and Requests for Admissions." (Dkt. #51).

Evidence that Plaintiff conducted additional discovery, which went unrecognized by the Court, has no relevance on the determination at summary judgment, since no part of these discovery requests or answers were submitted to the Court as part of the Parties' cross-motions for summary judgement. It is one thing for Plaintiff to argue she received direct evidence bearing on the removal of the physical barriers but the Court disregarded this evidence when it ruled against her. It is altogether different for Plaintiff to argue, as she does here, that the Court committed reversible error by not taking into account evidence it never received.

In addition, this new information cannot be properly considered by the Court at this stage of the litigation. As the Ninth Circuit has made clear, new evidence cannot be presented in a Rule 59(e) motion. <u>Carroll</u>, 342 F.3d 945. Because Plaintiff is trying to present new

evidence to this court when she could have done so before, this evidence is precluded from consideration.

In any event, even if the Court were to consider the new evidence, the evidence does not materially advance the merits of Plaintiff's underlying claim. Plaintiff's new evidence shows only that she made one attempt to request limited financial information from Defendant and that Defendant rejected the request. Plaintiff has not shown how Defendant's response to a request for production and non-uniform interrogatories in any way supports an inference that barrier removability was "readily achievable." If Plaintiff was dissatisfied with Defendant's discovery responses, she was obligated to follow the Court's Rule of Practice in Civil Cases and present the issue to the Court in the form of a discovery dispute.

**B.     Support for Expert's Conclusions**

This Court held that the Plaintiff did not meet its initial burden of demonstrating that removal of physical barriers on Defendant's premises were readily achievable because it provided nothing more than unsupported price estimates. (Dkt. #48). Plaintiff argues that the price estimates were supported by reference to a text. (Dkt. #51). In support of its argument, Plaintiff directs this Court to the expert's report, Exhibit 3 to Plaintiff's Statement of Facts (Dkt. #24). (Dkt. #50). That exhibit contains Plaintiff's expert's opinion that the removal of physical barriers was "readily achievable and technically feasible." (Dkt. #24, Exh. 3). In addition, for each ADA violation the expert found, he estimated a cost for barrier removal. (Id.) The expert claimed to have based his cost estimates on the text mentioned above. (Id.)

Under the ADA, in order to prove that the removal of barriers can be readily achievable, the Plaintiff must show that the removal is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). The ADA sets forth several factors for courts to consider when making such a determination, including the nature and cost of the removal, the overall financial resource of the facility, and the impact removal would have on the operation of the facility. Id.

Plaintiff avers that the text, which the expert referenced in his report, includes details of the removal process, such as itemized cost estimates and a general removal plan. (Dkt.

- 4 -

#51). Plaintiff also claims that "the method substantiating Plaintiff's evidence about the method and cost of barrier removal is contained within the reference [text]." (Id.) That is all well and good, but the expert's report makes no mention of the text other than a formal citation, and nothing in the report indicates *how* the expert applied that text to the removal of the barriers. Indeed, as the Court previously held, there is nothing in the report supporting the expert's opinion that the removal of each barrier was readily achievable: nothing justifying the price estimates and nothing explaining the method of removal. In short, aside from a sum-total price estimate, Plaintiff made no reference to the statutory factors provided by the ADA.

Plaintiff includes sample pages from the text as an attachment to its Motion. (Dkt. #51, Exh. B). Plaintiff could have reasonably presented those pages to this Court earlier in the litigation process but did not. Those pages therefore constitute new evidence that may not now be presented to this Court. See Carroll, 342 F.3d 945.

Plaintiff also points out that its expert has been so recognized by the district court of Hawaii. (Dkt. #50). This argument is a red herring. This Court has never questioned the qualifications and credibility of Plaintiff's expert, and the parties never made it an issue. Instead, the only point in contention was the expert's statements regarding the removal of barriers.

Finality and conservation of judicial resources compel this Court to review Rule 59(e) motions cautiously and with circumspection, while the facts and law militate against Plaintiff's claims.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion to Amend, Alter, or Set Aside Judgment. (Dkt #50).

DATED this 29th day of June, 2009.

_____
Mary H. Murguia
United States District Judge